UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20879

STEVEN GARCIA,

    Plaintiff,

vs.

CARIBBEAN CARGO HOLDINGS, LLC d/b/a
BARBADOS CARGO a/k/a ANTIGUA CARGO,
PARADISE FREIGHT, LLC d/b/a ST. THOMAS CARGO,
EAST POINT GROUP, LLC, and
MATTHEW LEONARD,

    Defendants.
_____/

# COMPLAINT

Plaintiff, Steven Garcia, sues Defendants, Caribbean Cargo Holdings, LLC d/b/a Barbados Cargo a/k/a Antigua Cargo, Paradise Freight, LLC d/b/a St. Thomas Cargo, East Point Group, LLC, and Matthew Leonard, for unpaid overtime wages, as follows:

1.    **Plaintiff, Steven Garcia**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants and consents to participate in this lawsuit.

2.    **Defendant, G.C. Installations Inc. South**, is a Florida for-profit corporation that conducted its for-profit business in Miami-Dade County, Florida, and it is *sui juris* at all times material.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884  FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

3. **Defendant, Matthew Leonard**, was and is a officer and director of Caribbean Cargo Holdings, LLC d/b/a Barbados Cargo a/k/a Antigua Cargo at all times material, ran its day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

4. All of the corporate Defendants operated out of the same location, and they each required Plaintiff to perform work for all of them. While the corporate Defendants may have small differences in their corporate structure(s), they utilize the same employees and perform the same business, with the only discernable difference being that Defendants receive payment through a particular corporate entity depending on where a shipment is to be received; otherwise, the corporate Defendants operate interchangeably as Plaintiff performed work for each of them due to the lack of any discernable difference in their operations.

5. Defendants were Plaintiff's employers and joint employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, performed work in this District, employed the Plaintiff in this District, were responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida, and because most of the actions complained of occurring within this District.

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

2

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

9. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

10. Defendants have been at all times material engaged in interstate commerce in the course of their provision of shipping, logistics, quality control, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

11. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, utilize one or more vehicles, equipment, and machinery manufactured/assembled outside of the State of Florida, regularly and recurrently use telephonic transmissions and transmitted electronic information through computers, the internet, and via email for their business, all of which traveled from outside of the State of Florida prior to Defendants' use/purchase of same in the course of conducting Defendants' business.

12. Defendant, Paradise Freight, purchased the website doman http://www.paradisefreight.com/ from GoDaddy.com, LLC, a foreign corporation, and registered it with Domans By Proxy, LLC, another foreign corporation.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. In particular, Defendants own and operate a shipping and logistics (freight forwarding) company that ships, stores, and forwards products and materials in containers from Florida to locations in the Caribbean.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

15. Plaintiff worked for Defendants from approximately August 2016 to December 13, 2016.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his working in a shipping warehouse that aggregates goods, materials, and supplies to be shipped and/or placed within the stream of commerce to locations in the Caribbean.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, his pay, and deductions from his pay, such records are in Defendants' exclusive custody.

18. Defendants paid Plaintiff at the rate of $16.00 per hour.

19. Plaintiff regularly and routinely worked more than 40 hours per week for Defendants.

20. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

21. Defendants engaged in a practice of rounding Plaintiff's time worked that deprived Plaintiff of overtime pay for the hours over 40 (or portions thereof) in violation of 29 C.F.R. §785.48(b).

22. Defendants also would reduce the hours it paid Plaintiff when he worked more than 40 hours in a workweek so that it did not have to pay him overtime wages for all overtime hours actually worked.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the relevant time period.

24. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

25. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

WHEREFORE Plaintiff, Steven Garcia, demands the entry of a judgment in his favor and against Defendants, Caribbean Cargo Holdings, LLC d/b/a Barbados Cargo a/k/a Antigua Cargo, Paradise Freight, LLC d/b/a St. Thomas Cargo, East Point Group, LLC, and Matthew Leonard, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest if the Court does not award liquidated damages,

    c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

e. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 8th day of March, 2017.

        Respectfully Submitted,

        FAIRLAW FIRM
        *Counsel for Plaintiff*
        7300 N. Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel:   305.230.4884
        Fax:  305.230.4844

        s/*Brian H. Pollock, Esq.*
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com